RECEIVED
FEB 01 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MARY A. DOVE                           CIVIL ACTION NO. 05-2183

versus                                 JUDGE HICKS

MATRIXX INITIATIVES,                   MAGISTRATE JUDGE HORNSBY
INC., ET AL.

## MEMORANDUM ORDER

Plaintiff filed this civil action in federal court based on an assertion of diversity jurisdiction. The court has an independent duty to ascertain that it has subject matter jurisdiction over a civil action. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). "There is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996). Plaintiff's complaint appears, with two exceptions, to adequately allege the citizenship of the parties and that the requisite amount in controversy is at issue.

The first exception is that Plaintiff did not adequately allege in her complaint her own citizenship. The civil cover sheet that accompanied her complaint indicates that she resides in Caddo Parish. To ensure the presence of diversity jurisdiction, Plaintiff should amend her complaint to allege with specificity the state in which she is domiciled and, therefore, is a citizen for diversity purposes. See Great Plains Trust Co. v. Morgan Stanley, 313 F.3d 305, 310, n. 2 (5th Cir. 2002)(domicile rather than mere residency that decides citizenship for

diversity purposes).

The second exception relates to the citizenship of one of the defendants, Zicam, L.L.C. Plaintiff describes the state of organization and principal place of business for the limited liability company, but those facts do not establish the citizenship of an LLC. Most states deem an LLC to be an unincorporated association. See, e.g., La. R.S. 12:1301(10). An unincorporated association is a citizen of each state of which any member is a citizen. Its state of organization and principal place of business are not relevant. Cosgrove v. Bartolotto, 150 F.3d 729, 731 (7th Cir. 1998); Handelsman v. Bedford Village Assocs. L.P., 213 F.3d 48 (2d Cir. 2000); GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc., 357 F.3d 827 (8th Cir. 2004); Belleville Catering Co. v. Champaign Market Place, LLC, 350 F.3d 691, 694 (7th Cir. 2003). It is incumbent on the party asserting diversity to identify and allege the citizenship of each member of an LLC party. If members are themselves entities or associations, the citizenship must be traced through however many layers of members there may be, and failure to do so can result in dismissal for want of jurisdiction. Meyerson v. Harrah's East Chicago Casino, 299 F.3d 616 (7th Cir. 2002).

Information about the members of an LLC is often not available in public records, so Plaintiff is hereby granted leave to conduct discovery on this issue if necessary. The court requests that attorneys for Plaintiff and Zicam cooperate to gather the information necessary to establish Zicam's citizenship as quickly as possible so that this preliminary jurisdictional issue may be resolved without undue delay or expense.

Plaintiff will be permitted until **March 20, 2006** to file a **motion for leave to file an amended complaint** and, in the amendment, allege with specificity the citizenship of Plaintiff and Zicam, L.L.C. The governing rules are found in F.R.C.P. 15 and Local Rule 7.6W. If the facts in the amended complaint indicate the presence of diversity, the court will set a scheduling conference.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 31st day of January, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE